JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

ORIGINAL

FILE BY FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Adam Bergman, Kendrick Patterson, Michael Attianese and Andrea Levy

**DEFENDANTS**

Thelen LLP and Thelen, Reid, Brown, Raysman & Steiner LLP

(b) County of Residence of First Listed Plaintiff  New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Steven A. Blum
Blum Collins LLP
707 Wilshire Boulevard, Suite 4880
Los Angeles, CA 90017          (213) 572-0400

Attorneys (If Known)

E-filing          EDL          ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government  Plaintiff | ☒ 3  Federal Question  (U.S. Government Not a Party) |
| ☐ 2  U.S. Government  Defendant | ☐ 4  Diversity  (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place  of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place  of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety Health | | ☐ 490 Cable Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER  PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl Ret Inc | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original  Proceeding | ☐ 2 Removed from  State Court | ☐ 3 Remanded from  Appellate Court | ☐ 4 Reinstated or  Reopened | ☐ 5 Transferred from  another district  (specify) | ☐ 6 Multidistrict  Litigation | ☐ 7 Judge from  Magistrate  Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sect. 2101

Brief description of cause:

Warn Act Violation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 10 Million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE
11 23 08

SIGNATURE OF ATTORNEY OF RECORD

1  BLUM | COLLINS LLP
   STEVEN A. BLUM, BAR NO. 133208
2  CRAIG M. COLLINS, BAR NO. 151582
3  707 Wilshire Blvd., 48th Floor
   Los Angeles, CA 90017
4  Telephone (213) 572-0400
   Fax (213) 572-0401
5  blum @ blumcollins.com
   collins @ blumcollins.com
6                                      CV  08      5322
7  Attorneys for Plaintiffs

8               UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA

10

11 ADAM BERGMAN, KENDRICK   **CV** Ca**08**      **5322**
   PATTERSON, MICHAEL ATTIANESE,
12 and ANDREA LEVY, each individually,
   and on behalf of all others similarly             **DL**
13 situated and the general public,

14                                      E-filing

15         Plaintiffs,
                                        **COMPLAINT FOR:**
16     vs.
                                        **(1) Violation of the WARN Act (29**
17 THELEN LLP, a California limited     **U.S.C. § 2101 et seq.);**
                                        **(2) Breach Of Contract; and**
18 liability partnership, THELEN, REID, **(3) Promissory Estoppel**
   BROWN, RAYSMAN & STEINER LLP, a
19 California limited liability partnership, **CLASS ACTION**
   and DOES 1-500,
20
21         Defendants.
22
                                        **DEMAND FOR JURY TRIAL**
23
24
25
26
27
28

                                                         Complaint

Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, and Andrea Levy on behalf of themselves and all similarly situated persons allege:

## PRELIMINARY STATEMENT

1.     This case arises out of the collapse of Thelen LLP, a San Francisco based law firm. Plaintiffs and the proposed class members are employees of Thelen LLP and Does 1 through 400 who seek wages that Defendants have failed and refused to pay following the abrupt termination of their employment.

2.     Through this action, Plaintiffs and other similarly situated employees of Defendants seek recovery of damages in the amount of 60 days pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"). Plaintiffs were employees of Defendants and were terminated as part of mass layoffs or plant closings ordered by the Defendants. Defendants violated federal law by failing to give Plaintiffs and other similarly situated employees of the Defendants 60 days notice as required by federal law.

3.     Plaintiffs and other similarly situated employees also seek recovery of unpaid wages, including vacation time, as a result of Defendants' failure to pay employees all wages, including vacation time, due and owing at the time their employment was terminated.

4.      Individual and Representative Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, and Andrea Levy are individuals. Mr. Bergman, Mr. Patterson, and Mr. Attianese reside in New York. They were employed by Defendants until November 30, 2008. Mr. Bergman worked as a senior associate tax attorney. Mr. Patterson worked as a senior associate intellectual property attorney. Mr. Attianese worked as the manager of information technology. They worked in Defendants' New York office. Ms. Levy resides in West Hartford, Connecticut. She was employed as an associate attorney by Defendants until November 30, 2008. She worked in Defendants' Hartford, Connecticut office.

5.      Plaintiffs are informed and believe and thereon allege that Defendant Thelen LLP is a limited liability partnership organized under the laws of the State of California, that it maintains offices and conducts business in the State of California, including in San Francisco, Palo Alto, and Los Angeles, and that its principal place of doing business is in San Francisco, California.

6.      Plaintiffs are informed and believe and thereon allege that Defendant Thelen, Reid, Brown, Raysman & Steiner LLP is a limited liability partnership organized under the laws of the State of California, that it maintains offices and conducts business in the State of California, including in San Francisco, Palo Alto, and Los Angeles, and that its principal place of doing business is in San Francisco, California. Defendants Thelen LLP and Thelen, Reid, Brown, Raysman & Steiner are collectively referred to herein as "the Law Firm."

7.      Defendants Does 1-500, inclusive, are sued herein by these fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting

their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the class members herein alleged were proximately caused by such Defendants.

8.     Plaintiffs are informed and believe and thereon allege that each of the Defendants herein gave consent to, ratified or authorized the acts alleged herein, and that each of the Defendants knowingly aided, abetted or conspired with the others to commit the acts alleged herein.

9.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between the Law Firm and Defendant Does 1 through 400, such that any individuality and separateness between them have ceased, and the Law Firm is the alter ego of Defendant Does 1 through 400. Adherence to the fiction of the separate existence of the Law Firm as an entity distinct from Defendant Does 1 through 400 would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

10.     Plaintiffs are informed and believe and thereon allege that the Law Firm has dissolved, and that Defendant Does 1 through 400 are the successors in interest of the Law Firm.

11.     Plaintiffs are informed and believe and thereon allege that Defendant Does 401 through 500 are successors of the Law Firm for labor law purposes. Defendant Does 401 through 500 are law firms or other entities that have substantially continued the same business operations of the Law Firm, with substantially the same employees working in similar jobs and working conditions, with similar supervisory personnel, using similar methods and offering similar services.

Complaint

1     12.    Plaintiffs are informed and believe and thereon allege that the Law Firm

2 herein acted as a "single employer" at all relevant times for purposes of the WARN

3 Act. At all relevant times, the Law Firm maintained facilities in New York and

4 Hartford that qualified for protection under the WARN Act (collectively the

5 "Facilities").

6

7                                   JURISDICTION AND VENUE

8

9     13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as

10 this case is being brought under the WARN Act, 29 U.S.C. § 2101 *et seq*.

11

12     14.    This Court also has supplemental jurisdiction over the state law claims

13 pursuant to 28 U.S.C. §1367.

14

15     15.    Venue is proper in the United States District Court, Northern District of

16 California pursuant to 28 U.S.C. § 1391, because the Law Firm resides within this

district, and because a substantial part of the events and omissions giving rise to
17
Plaintiffs' claims occurred in this District. Plaintiffs are informed and believe and
18
thereon allege that the headquarters and operating nucleus of the law firm where
19
substantially all major management decisions about how to handle termination of all
20
employees' employment were made.
21

22     16.    JURISDICTIONAL STATEMENT REQUIRED BY L.R. 3-5. Under L.R. 3-

23 2(c), this civil action arose in the County of San Francisco and is therefore properly

24 assigned to either the Oakland or San Francisco division of this District.

25

26

27

28

4                                                         Complaint

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     On or about October 30, 2008, the Law Firm announced that it was dissolving its partnership. On that day it informed Plaintiffs and substantially all other employees that their final day of employment would be November 30, 2008.

18.     On October 30, 2008, Defendants terminated the employment of Plaintiffs and hundreds of other Law Firm employees in all of the Law Firm's integrated offices.

19.     The Law Firm maintains a vacation policy that applies to all of its United States employees. Through that vacation policy, Plaintiffs and other employees accrued vacation as they worked for the Law Firm.

20.     Plaintiffs are informed and believe and thereon allege that starting approximately October 30, 2008, the Law Firm failed and refused to pay all employees, including Plaintiffs, for their accrued and unused vacation at the time of employment termination.

21.     Plaintiffs had vacation time available to them when they were involuntarily terminated on October 30, 2008. The Law Firm has not paid them for this vacation.

## CLASS ACTION ALLEGATIONS UNDER 29 U.S.C. § 2104 (WARN ACT)

22.     Plaintiffs and those they seek to represent herein were discharged without cause on their part on or about October 30, 2008, as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants, and are "affected employees" within the meaning on 29 U.S.C. §2101(a)(5).

23.     Plaintiffs bring this action on their own behalf, pursuant to the WARN Act, and on behalf of all other similarly situated employees and former employees in the New York and Hartford offices who were terminated on or about October 30, 2008.

24.     During the 30 days starting October 30, 2008, Defendants terminated Plaintiffs' employment as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3) for which Plaintiffs were entitled to receive sixty (60) days advance written notice under the WARN Act.

25.     Defendants, as a single employer, did not give Plaintiffs the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

26.     Plaintiffs are informed and believe and thereon allege that at or about the time they were discharged, on or after October 30, 2008, Defendants discharged many other employees at the Facilities (the "Other Similarly Situated Former Employees").

27.     Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees.

28.     Plaintiffs do not currently maintain this on behalf of any employees entitled to the protection of California Labor Code Section 203 or District of Columbia Code Section 32-1303, but later may seek leave to add such employees.

29.     Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiffs in respect to his or her rights under the WARN Act, in that, *inter alia*:

a. Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants without cause on their part.

b. Plaintiffs and the Other Similarly Situated Former Employees are "affected employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

c. Defendants were required by the WARN Act to give Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days advance written notice of their respective terminations.

d. Prior to their termination, neither Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

e. Defendants failed to pay Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday, sabbatical, and vacation pay for sixty (60) calendar days following notice of their terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for sixty (60) calendar days from and after notice of their respective terminations.

# WARN ACT CLASS ACTION ALLEGATIONS UNDER RULE 23

30. Plaintiffs sue under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed WARN Class:

> WARN Class: All employees who worked at or reported to one of Defendants' Facilities in New York or Hartford and were terminated without cause in the 30 days starting October 30, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 30, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

31. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe and thereon allege that over 50 people (and possibly hundreds) satisfy the definition of the Proposed Class.

32. Typicality: The Plaintiffs' claims are typical of the members of the Proposed Class. Plaintiff, and proposed class members, were involuntarily terminated by Defendants without proper notice under the WARN Act.

33. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of at least 50 employees.

Complaint

34.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in representing employees in complex class litigation.

35.     Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to whether:

      a.     Defendants were covered employers under the WARN Act;

      b.     all Class members were protected under the WARN Act;

      c.     all Class members' employment locations were covered Facilities under the WARN Act;

      d.     Defendants acted as a single employer in terminating Class members' employment;

      e.     Defendants gave at least 60 days advance written notice to the Class members, as required by the WARN Act; and

      f.     Defendants failed to pay the Class members wages and to provide other employee benefits for the 60-day period following their respective terminations.

36.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class may result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

37.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of over 50 (and potentially hundreds) of employees. In addition, class certification is superior because it will avoid the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38.     Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of members of the Proposed Class are available from Defendants.

## VACATION TIME CLASS ACTION ALLEGATIONS

39.     Plaintiffs sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed Vacation subclasses:

New York Vacation Subclass:   All former employees of Defendants in the State of New York whose employment with Defendants ended on or after October 30, 2008, through the trial of this case, and who had accrued but unused vacation at the time of termination.

Connecticut Vacation Subclass: All former employees of
Defendants in the State of Connecticut whose employment
with Defendants ended on or after October 30, 2008, through
the trial of this case, and who had accrued but unused
vacation at the time of termination.

40.     Numerosity: The Proposed Vacation Subclasses are so numerous that
joinder of all members is impracticable. Plaintiffs are informed and believe and
thereon allege that at least 50 and potentially hundreds of people satisfy the definition
of the Proposed Vacation Subclasses.

41.     Typicality: The Plaintiffs' claims are typical of the members of the
Proposed Vacation Subclasses. Plaintiffs are informed and believe and thereon allege
that the Law Firm uniformly failed to pay accrued vacation to individuals whose
employment with the Law Firm ended on or after October 30, 2008.

42.     Superiority: A class action is superior to other available methods for the
fair and efficient adjudication of the controversy here, where Defendants have failed to
pay wages to at least 50 and potentially hundreds of employees, and Defendants'
dissolution may shrink the assets available to pay employees.

43.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the
Proposed Classes, and have retained counsel experienced in representing employees in
complex class litigation.

44.     Commonality: Common questions of law and fact exist to all members of
the Proposed Vacation Subclasses and predominate over any questions solely affecting
individual members of the Proposed Vacation Subclasses, including but not limited to
whether:

Complaint

a. Defendants maintained a policy of providing vacation to Subclass members;

b. Defendants' vacation policy required that Defendants pay Subclass members for their unused vacation at the time of termination; and

c. Defendants uniformly and unlawfully failed to pay vacation time to Subclass members.

45. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class may result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

46. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Subclasses predominate over any questions affecting only individual members of the Proposed Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' vacation policy applied to all Subclass Members. Defendants uniformly failed to pay unused vacation time to all Subclass Members. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

47. Plaintiffs intend to send notice to all members of the Proposed Subclasses to the extent required by Rule 23. The names and addresses of members of the Proposed Subclasses are available from Defendants.

# FIRST CLAIM FOR RELIEF FOR

## VIOLATION OF THE WARN ACT

### (Against All Defendants)

48.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

49.     The Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

50.     Each Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until deciding to order a mass layoff or plant closing at the Facilities.

51.     The Defendants constituted a "single employer" of Plaintiffs and WARN Class members under the WARN Act.

52.     On or about October 30, 2008 the Defendants ordered a "mass layoff" or "plant closing" of the Facilities, as those terms are defined in 29 U.S.C. § 2101(a)(2),(3).

53.     Plaintiffs are informed and believe and thereon allege that the mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 50 of Defendants' employees as well as 33% of Defendants' workforce at each of the Facilities, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

54.     Plaintiffs and each of the other members of the WARN Class were discharged by Defendants without cause on their part, as part of or as the reasonably

foreseeable result of the mass layoff or plant closing ordered by Defendants at the Facilities.

55. Plaintiffs and the other members of the WARN Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

56. Defendants failed to give Plaintiffs and other members of the WARN Class written notice that complied with the requirements of the WARN Act.

57. Plaintiffs and each of the other members of the WARN Class are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

58. Defendants failed to pay Plaintiffs and each of the other members of the WARN Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 days following notice of their terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, for 60 days following notice of their respective terminations. Defendants are also liable to Plaintiffs for their reasonable attorneys fees under 29 U.S.C. § 2104.

1
SECOND CLAIM FOR RELIEF FOR

2
BREACH OF CONTRACT AS TO THE NEW YORK VACATION SUBCLASS AND

3
CONNECTICUT VACATION SUBCLASS

4
(Against All Defendants)

5

6
59.     Plaintiffs incorporate by reference the allegations in the preceding

7
paragraphs.

8

9
60.     A contract, oral and written, express and implied, existed between

10
Members of the New York Vacation Subclass (including Plaintiffs Bergman, Patterson,

11
and Attianese) and Defendants.

12

13
61.     A contract, oral and written, express and implied, existed between

14
Members of the Connecticut Vacation Subclass (including Plaintiff Levy) and

15
Defendants.

16

17
62.     By those contracts, Defendants were required to pay employees all

18
accrued vacation time, including sabbatical leave, at the termination of employment.

19

20
63.     Defendants violated that contract by failing to pay vacation time to

21
Plaintiffs Bergman, Patterson, Attianese, and Levy, and to Members of the New York

22
Vacation Subclass and the Connecticut Vacation Subclass.

23
64.     As a result of Defendants' breach of contract, Plaintiffs Bergman,

24
Patterson, Attianese, and Levy and the New York Vacation Subclass Members and

25
Connecticut Vacation Subclass Members suffered damages in the amount of their

26
accrued but unpaid vacation and sabbatical time, to be determined at trial.

27

28

# THIRD CLAIM FOR RELIEF FOR
## PROMISSORY ESTOPPEL AS TO THE NEW YORK VACATION CLASS AND CONNECTICUT VACATION CLASS
### (Against All Defendants)

65.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

66.     Defendants reasonably expected to and did induce Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members to rely on promises relating to the payment of unused vacation and sabbatical time.

67.     Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members reasonably relied to their detriment on promises and representations made to them by Defendants relating to the payment for unused vacation.

68.     Defendants have refused to honor the promises made to Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members.

69.     As a result, Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members are entitled to an award in equity in the amount of their unused vacation and sabbatical time, to be determined at trial.

## PRAYER FOR RELIEF

70.     WHEREFORE. Plaintiffs, on behalf of themselves and all members of the Proposed Classes and Subclasses, pray for relief as follows:

> A.     That the Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

> B.     That Defendants are found to have violated the provisions of the WARN Act as to Plaintiffs and the WARN Class;

> C.     That Defendants are found to have breached a contract with New York Vacation Subclass Members and the Connecticut Vacation Subclass Members by failing to pay unused vacation at the time of termination;

> D.     For an award, of damages or in equity, in the amount of unpaid vacation owed to members of the New York Vacation Subclass and the Connecticut Vacation Subclass;

> E.     For an award to Plaintiffs and all class members for the amount of all unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

> F.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2104, and other applicable law; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

BLUM COLLINS LLP
STEVEN A. BLUM
CRAIG M. COLLINS

_Steven A. Blum_

STEVEN A. BLUM
Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

BLUM COLLINS LLP
STEVEN A. BLUM
CRAIG M. COLLINS

STEVEN A. BLUM
Attorneys for Plaintiffs