BLUM | COLLINS LLP
  Steven A. Blum (Bar No. 133208)
  Craig M. Collins (Bar No. 151582)
  Douglas L. Thorpe (Bar No. 43749)
707 Wilshire Blvd., 48th Floor
Los Angeles, California  90017
Telephone:  213.572.0400
Facsimile:  213.572.0401
blum@blumcollins.com; collins@blumcollins.com; dthorpe@thorpelink.com

Attorneys for Plaintiffs

LATHAM & WATKINS LLP
  Wayne S. Flick (Bar No. 149525)
  Kimberly A. Posin (Bar No. 223091)
  David B. Hazlehurst (Bar No. 261043)
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  213.485.1234
Facsimile:  213.891.8763
wayne.s.flick@lw.com; kim.posin@lw.com; david.hazlehurst@lw.com

Attorneys for Defendant Thelen LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM BERGMAN, KENDRICK PATTERSON, MICHAEL ATTIANESE, ANDREA LEVY, and DARYL YEAKLE each individually, and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>THELEN LLP, a California limited liability partnership, and DOES 1-500,<br><br>Defendants. | Case No.  CV-08-5322-EDL<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO CERTIFY CLASSES AND SUBCLASSES**<br> AS MODIFIED<br><br>Honorable Elizabeth D. Laporte |

Subject to the approval of the Court, Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle (collectively, "Plaintiffs") and Defendant Thelen LLP ("Defendant") the parties, through their respective counsel of record, stipulate and agree as follows:

## I.  INTRODUCTION

This case arises out of the closure of Defendant's offices on November 30, 2008. On October 30, 2008, Defendant announced that it was dissolving its partnership and that most of its employees would be terminated effective November 30, 2008. Plaintiffs and the proposed class members were Defendant's employees who were terminated upon the cessation of Defendant's operations on November 30, 2008.

Through this action, Plaintiffs, on behalf of themselves and the proposed class members, seek recovery of alleged damages by reason of Defendant's alleged failure to provide the notification required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "Federal WARN Act") and the California Relocations, Terminations and Mass Layoffs Act, Cal. Labor Code § 1400 *et seq*. (the "California WARN Act"). Plaintiffs, on behalf of themselves and the proposed class members, also seek payment for accrued but unused vacation time allegedly due and owing at the time their employment with Defendant was terminated. Plaintiff Yeakle, on behalf of himself and other similarly situated proposed class members who were employed in Defendant's California offices, also seek waiting time penalties pursuant to Cal. Labor Code § 203.

Claims under the WARN Act are "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *see also New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S. Dist. LEXIS 2403, *3-4 (E.D.La. 1994). WARN Act class actions have been certified in this district. *See Quintero v. Mulberry Thai Silk, Inc.*, 2008 U.S. Dist. LEXIS 84976 ([N.D. Cal.] 2008).

## II.  PROPOSED CLASSES AND SUBCLASSES

Individual Plaintiffs seek certification of the following classes and subclasses:

A.  **Federal WARN Class:**

All persons employed at any of Defendant's facilities in New York, California or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

B.  **California WARN Class:**

All employees who worked at one of Defendant's covered establishments (as that term is defined in California Labor Code section 1400) in California and who were involuntarily terminated without cause on their part pursuant to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code Section 1400) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

C.  **New York Vacation Subclass:**

All former employees of Defendant in the State of New York whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

D.  **California Vacation Subclass:**

All former employees of Defendant in the State of California whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation at the time of termination for which Defendant did not fully compensate such employees.

E. **Connecticut Vacation Subclass:**

All former employees of Defendant in the State of Connecticut whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

As will be shown below, these proposed classes and subclasses meet all of the requisites under Federal Rule of Civil Procedure 23 for class certification.

## III. THE PROPOSED CLASSES AND SUBCLASSES SATISFY RULE 23(a)

A. **Numerosity (Rule 23(a)(1))**

The individuals who make up the proposed classes and subclasses are so numerous that the joinder of all members is impracticable. Plaintiffs are informed and believe and thereon allege that more than 50 persons satisfy the definition of one or more of the proposed classes and/or subclasses. The proposed classes and subclasses include many of Defendant's employees who were terminated upon its closure.

Potential members of the proposed classes and subclasses are ascertainable and likely can be identified by Defendant. The proposed classes and subclasses consist of former employees of Defendant who worked at specific locations within a definite time period and who were all terminated at the same time. The proposed class definitions are based on an objective determination that likely can be identified (*i.e.*, through Defendant's employment records). Defendant believes it has in its possession a current or last known address and/or telephone number for each member of the proposed classes and subclasses. For the attorney members of the proposed classes and subclasses, this information is publicly available.

B. **Commonality (Rule 23(a)(2))**

Common questions of law and fact exist for all members of the proposed Federal WARN Class and California WARN Class, including but not limited to whether:

a. Defendant was a covered employer under the Federal WARN Act and the California WARN Act;

b. All class members were protected under the Federal WARN Act and the California WARN Act;

  c. All class members' employment locations were covered facilities and/or covered establishments under the Federal WARN Act and the California WARN Act, respectively;

  d. Defendant ordered a "mass layoff," "plant closing" and/or a "termination" (as these terms are defined in the Federal and California WARN Acts), and the class members were discharged without cause on their part;

  e. Defendant was required to give at least 60 days advance written notice to class members under either or both the Federal WARN Act and the California WARN Act;

  f. Defendant was required to pay class members wages and benefits for the 60-day period following notice of their terminations;

  g. Defendant is required to pay members of the California WARN Class waiting time penalties pursuant to Cal. Labor Code Section 203.

Furthermore, common questions of law and fact exist to all members of the proposed vacation subclasses, including but not limited to whether:

  a. Defendant maintained a policy of providing vacation to subclass members;

  b. Defendant's vacation policy required that Defendant pay subclass members for their accrued but unused vacation time at the time of their termination; and

  c. Defendant failed to pay accrued but unused vacation time to subclass members.

C. **Typicality (Rule 23(a)(3))**

The individual Plaintiffs' claims are typical of those of the other members of the proposed classes and subclasses. The individual Plaintiffs, as class representatives, allege that they suffered the same alleged injury as the other members of the proposed classes and subclasses. The individual Plaintiffs allege that they and the other members of the proposed classes were Defendant's employees and were terminated as a result of Defendant's mass layoffs/plant closings/terminations that took place on November 30, 2008. The individual Plaintiffs allege that they and the other members of the proposed classes did not receive sufficient prior written notice or subsequent wages and benefits from Defendant pursuant to the Federal and California WARN Acts. The individual Plaintiffs allege that they and the other members of the proposed vacation subclasses were Defendant's employees and were terminated

by Defendant's on or after October 30, 2008. The individual Plaintiffs allege that they and the other members of the proposed vacation subclasses did not receive payments for accrued but unused vacation time on the day they were terminated by Defendant. Based on these allegations, the individual Plaintiffs' claims are identical to those of the other members of the proposed classes and subclasses. Their claims arise from the same course of alleged conduct and are based on the same legal theories.

### D.   **Adequate Representation (Rule 23(a)(4))**

Representative Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle are individuals. Mr. Bergman, Mr. Patterson, and Mr. Attianese reside in New York. They were employed in Defendant's New York office until November 30, 2008. Mr. Bergman worked as a senior associate tax attorney. Mr. Patterson worked as a senior associate intellectual property attorney. Mr. Attianese worked as the manager of information technology. Ms. Levy resides in West Hartford, Connecticut. She was employed as an associate attorney until November 30, 2008 in Defendant's Hartford, Connecticut office. Mr. Yeakle resides in California. He was employed as a financial analyst in Defendant's San Francisco, California office until November 30, 2008. These individual plaintiffs are members of the proposed classes and/or one of the proposed vacation subclasses.

Plaintiffs represent that they will fairly and adequately protect the interests of the proposed classes and subclasses, and have retained counsel experienced in representing employees in complex class litigation and employment litigation. They further represent that they have no known conflicts with the members of the proposed classes or subclasses, and that their personal claims are not antagonistic to the claims of other members of the proposed classes or subclasses.

Steven A. Blum, Craig M. Collins, and Douglas Thorpe of Blum Collins, LLP represent that they are experienced class action litigators with extensive trial experience. Messrs. Blum and Collins each have been in practice for more than 20 years. Mr. Thorpe has been in practice more than 40 years and is a former managing partner of Perkins Coie, LLP, a large and highly regarded commercial law firm.

Mr. Blum, previously of the Heller Ehrman law firm, has worked on and led large complex commercial and classes litigation matters, including consumer and wage and hour class action litigation matters. Mr. Blum has been lead counsel on at least 15 certified class actions including the currently pending case of *Jones v. International Coffee & Tea Corp.*, on behalf of approximately 11,000 baristas (employees) claiming wages and waiting time penalties. Mr. Blum is a 1987 graduate of Yale Law School with a bachelor of arts from the University of California, Los Angeles *summa cum laude*. Mr. Collins is a graduate of the University of Indiana Law School and the University of Chicago. Mr. Collins has experience in large scale complex litigation in California and the Federal Courts. Mr. Thorpe has managed large and complex cases for corporate clients during his entire legal career, starting at O'Melveny & Myers and concluding at Perkins Coie LLP. Mr. Thorpe is a graduate of Southern Methodist University School of Law and University of Nebraska. Messrs. Blum, Collins and Thorpe are all admitted to the State Bar of California. Mr. Blum, Mr. Collins and Mr. Thorpe, as well as the Blum Collins law firm, represent that they have no known conflicts of interest with individual plaintiffs or the members of the proposed classes or subclasses.

While it cannot stipulate to all of the details set forth above, Defendant does not dispute that Plaintiffs are represented by adequate class counsel.

### IV. THE PROPOSED CLASSES AND SUBCLASSES MEET THE CONDITIONS OF RULE 23(b)(1)(A)

This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate lawsuits by each class member would create a risk of imposing incompatible standards of conduct on the Defendant, through inconsistent adjudications of identical questions of law and fact.

### V. THE PROPOSED CLASSES AND SUBCLASSES MEET THE CONDITIONS OF RULE 23(b)(3)

Class certification is appropriate because questions of law and fact common to the proposed classes and subclasses predominate over any questions affecting only individual members of the classes and subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. As for the proposed WARN Act

classes, litigation of their claims in one forum is efficient because WARN Act litigation necessarily involves a single decision or set of decisions that affects the rights of at least 50 employees.  As for the proposed vacation subclasses, common questions predominate because Defendant's alleged vacation policy applied to the respective subclass members and Defendant is alleged uniformly to have failed to pay for all subclass members' accrued but unused vacation time.  Class certification is superior because it will avoid the need for unduly duplicative litigation that might result in inconsistent judgments against Defendant.

Other factors under Rule 23(b)(3) also favor class certification.  First, many of the class members' claims are relatively small, and those class members would likely be financially unable and not sufficiently motivated to pursue their claims individually.  Second, Plaintiffs are aware of only one pending litigation involving claims between any other class member and the Defendant -- *Bennett v. Thelen LLP* (CGC 08-483571), Superior Court of the State of California, County of San Francisco.  Defendant intends to seek a stay of that action.  Third, the desirability of adjudicating the claims in one forum is favored because the proposed class members' claims are based on the closure of Defendant's offices and the resulting termination of the proposed class members, and a class action will avoid multiple individual actions.  Lastly, there are minimal case management issues because the proposed class members can be easily identified, the potential liability of Defendant can be readily calculated, and the claims are centered around Defendant's course of conduct.

## VI.   CLASS NOTICE

If the proposed classes and subclasses are certified, the Plaintiffs will send notice to all members of the classes and subclasses as required by Rule 23(c)(2)(B).  The names and addresses of all the putative class members are contained in Defendant's records.  Once Plaintiffs have been provided with this information, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the putative class members so that they will have at least 30 days from the date of the mailing to object to class certification and to opt out of the classes and subclasses.

## VII. CONCLUSION

The parties respectfully submit that this action meets all of the prerequisites for certification as a class action. Common issues of fact and law predominate over individual issues and, given the size of the classes, a class action is a superior method of adjudicating this controversy. A class action will also avoid inconsistent adjudication of the claims of the various proposed class members.

For all of these reasons, the parties stipulate that this action be certified as a class action, that the individual Plaintiffs be certified as representatives of the classes and subclasses, and that Plaintiffs' counsel be certified as counsel for the classes and subclasses.

## VIII. DEFENDANT'S RESERVATION OF RIGHTS

Defendant stipulates to the certification of the aforementioned classes and subclasses exclusively for the purpose of advancing this litigation beyond the class certification stage. This Stipulation shall not be read or interpreted as an admission of liability in any manner whatsoever. Furthermore, this Stipulation shall not operate a waiver of any factual allegations, defenses (affirmative or otherwise), legal claims or any other argument or allegation that Defendant may otherwise advance during the course of this action.

Dated: March 10, 2009

BLUM | COLLINS LLP
Steven A. Blum
Craig M. Collins
Douglas L. Thorpe

By /s/ Steven A. Blum
Steven A. Blum
Attorneys for Plaintiffs

Dated: March 10, 2009

LATHAM & WATKINS LLP
Wayne S. Flick
Kimberly A. Posin
David B. Hazlehurst

By _____
David B. Hazlchurst
Attorneys for Defendant Thelen LLP

**[~~PROPOSED~~] ORDER CERTIFYING CLASSES AND SUBCLASSES**

Based on the foregoing stipulation, the Court finds as follows:

1. The proposed classes and subclasses satisfy the requisites for class certification set forth in Federal Rule of Civil Procedure 23.

2. The members of the proposed classes and subclasses are ascertainable and are so numerous that the joinder of all members is impracticable. (Fed. R. Civ. P. 23(a)(1)).

3. Common questions of law and fact exist to all members of the proposed Federal and California WARN Act Classes (Fed. R. Civ. P. 23(a)(2)), including but not limited to whether:

   a. Defendant was a covered employer under the federal WARN Act and the California WARN Act;

   b. All class members were protected under the federal WARN Act and the California WARN Act;

   c. All class members' employment locations were covered facilities and/or covered establishments under the federal WARN Act and the California WARN Act, respectively;

   d. Defendant ordered a "mass layoff," "plant closing" and/or a "termination" (as these terms are defined in the federal and California WARN Acts) and the class members were discharged without cause on their part;

   e. Defendant was required to give 60 days advance written notice to class members under either or both the federal WARN Act and the California WARN Act;

   f. Defendant was required to pay class members wages and benefits for the 60-day period following their terminations; and

   g. Defendant is required to pay members of the California WARN Class waiting time penalties pursuant to Cal. Labor Code Section 203.

4. Furthermore, common questions of law and fact exist to all members of the proposed vacation subclasses (Fed. R. Civ. P. 23(a)(2)), including but not limited to whether:

   a. Defendant maintained a policy of providing vacation to subclass members;

b.        Defendant's alleged vacation policy required that Defendant pay subclass members for their accrued but unused vacation time at the time of their termination; and

c.        Defendant failed to pay accrued but unused vacation time to subclass members.

5.    The individual Plaintiffs' claims are typical of those of the other members of the proposed classes and subclasses.  Their claims arise from the same course of conduct by Defendant and are based on the same legal theories.  (Fed. R. Civ. P. 23(a)(3)).

6.    The individual Plaintiffs will fairly and adequately protect the interests of the proposed classes and subclasses.  They have no known conflicts with any members of the proposed classes or subclasses.  (Fed. R. Civ. P. 23(a)(4)).

7.    The individual Plaintiffs are represented by adequate class counsel who have no known conflicts of interest with individual Plaintiffs or any members of the proposed classes or subclasses.  (Fed. R. Civ. P. 23(a)(4)).

8.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate lawsuits by each class member would create a risk of imposing incompatible standards of conduct on Defendant, through inconsistent adjudications of identical questions of law and fact.

9.    Class certification is also appropriate because questions of law and fact common to the proposed classes and subclasses predominate over any questions affecting only individual members of the classes and subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**THEREFORE, IT IS HEREBY ORDERED:**

1.    This action shall be maintained as a class action on behalf of the following classes and subclasses of plaintiffs:

a.        **Federal WARN Class:**

All persons employed at any of Defendant's facilities in New York, California or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part

from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

b.     **California WARN Class:**

All employees who worked at one of Defendant's covered establishments (as that term is defined in California Labor Code section 1400) in California and who were subject to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code section 1400) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

c.     **New York Vacation Subclass:**

All former employees of Defendant in the State of New York whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

d.     **California Vacation Subclass:**

All former employees of Defendant in the State of California whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation at the time of termination for which Defendant did not fully compensate such employees.

e.     **Connecticut Vacation Subclass:**

All former employees of Defendant in the State of Connecticut whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

2.     Individual Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle are hereby appointed as class representatives for both the classes and subclasses.

3.     Steven A. Blum, Craig M. Collins and Douglas Thorpe of Blum Collins, LLP are hereby appointed as Plaintiffs' classes counsel.

4.     The procedure for providing classes action notice described in the stipulation is hereby approved.

5.     This Order shall not be read or interpreted as an admission of liability on the part of Defendant in any manner whatsoever, nor shall this Stipulation shall be read as a waiver of any factual allegations, defenses (affirmative or otherwise), legal claims or any other argument or allegation that Defendant may otherwise advance during the course of this action.

6.     Plaintiffs are further ordered to delay sending class notice until the Court resolves the pending motion to intervene.

Dated:  March 31, 2009



_____
Honorable Elizabeth D. Laporte

IT IS SO ORDERED AS MODIFIED
Judge Elizabeth D. Laporte

4
Joint Stipulation and [Proposed] Order to Certify Classes and Subclasses (CV-08-5322-EDL)