1 BLUM | COLLINS LLP
    Steven A. Blum (Bar No. 133208)
2     Craig M. Collins (Bar No. 151582)
    Douglas L. Thorpe (Bar No. 43749)
3 707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
4 Telephone:  213.572.0400
Facsimile:  213.572.0401
5 blum@blumcollins.com; collins@blumcollins.com,
dthorpe@thorpelink.com
6

7 Attorneys for Plaintiffs

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11
ADAM BERGMAN, KENDRICK                      Case No.  CV-08-5322-EDL
12 PATTERSON, MICHAEL ATTIANESE,
ANDREA LEVY, and DARYL YEAKLE,           **FIRST AMENDED COMPLAINT FOR:**
13 each individually, and on behalf of all others
similarly situated and the general public,     **(1) Violation of the WARN Act (29**
14                                               **U.S.C. § 2101 *et seq.*);**
                    Plaintiffs,                **(2) Violation of the California WARN**
15          vs.                                **Act (Cal. Labor Code § 1400 *et seq.*);**
                                               **(3) Failure to Pay Vacation (Cal. Labor**
16 THELEN LLP, a California limited liability   **Code § 227.3)**
partnership, and DOES 1-500,                   **(4) Waiting Time Penalties (Cal. Labor**
17                                               **Code §§ 201 to 203)**
                    Defendants.                **(5) Breach of Contract; and**
18                                               **(6) Promissory Estoppel**

19

20                                              Honorable Elizabeth D. Laporte

21

22

23

24

25

26

27

28

Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle on behalf of themselves and all similarly situated persons allege:

## PRELIMINARY STATEMENT

1.    This case arises out of the collapse of Thelen LLP, a San Francisco based law firm.  Plaintiffs and the proposed class members are employees of Thelen LLP and Does 1 through 400 who seek wages that Defendant has failed and refused to pay following the abrupt termination of their employment.

2.    Through this action, Plaintiffs and other similarly situated employees of Defendant seek recovery of damages in the amount of sixty (60) days pay and ERISA and medical benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") and the California Relocations, Terminations and Mass Layoffs Act, Cal. Labor Code § 1400 *et seq*. (the "California WARN Act").  Plaintiffs were employees of Defendant and were terminated as part of mass layoffs or plant closings ordered by the Defendant.  Defendant violated federal and state law by failing to give Plaintiffs and other similarly situated employees of the Defendant sixty (60) days notice as required by federal and state law.

3.    Plaintiffs and other similarly situated employees also seek recovery of unpaid wages, including vacation time, as a result of Defendant's failure to pay employees all wages, including vacation time, due and owing at the time their employment was terminated.

4.    Plaintiff Yeakle and other similarly situated employees who were employed in Defendant's California facilities also seek waiting time penalties pursuant to Cal. Labor Code § 203.

**THE PARTIES**

5.        Individual and Representative Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle are individuals. Mr. Bergman, Mr. Patterson, and Mr. Attianese reside in New York City.  They were employed by Defendant until November 30, 2008.  Mr. Bergman worked as a senior associate tax attorney.  Mr. Patterson worked as a senior associate intellectual property attorney.  Mr. Attianese worked as the manager of information technology.  They worked in Defendant's New York office.  Ms. Levy resides in West Hartford, Connecticut.  She was employed as an associate attorney by Defendant until November 30, 2008.  She worked in Defendant's Hartford, Connecticut office. Mr. Yeakle resides in San Francisco, California.  He was employed as a financial analyst by Defendant until November 30, 2008.  He worked in Defendant's San Francisco office.

6.        Plaintiffs are informed and believe and thereon allege that Defendant Thelen LLP is a limited liability partnership organized under the laws of the State of California, that it maintains offices and conducts business in the State of California, including in San Francisco, Palo Alto, and Los Angeles, and that its principal place of doing business is in San Francisco.

7.        Defendants Does 1-500, inclusive, are sued herein by these fictitious names. Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the class members herein alleged were proximately caused by such defendants.

8.      Plaintiffs are informed and believe and thereon allege that each of the Defendants herein gave consent to, ratified or authorized the acts alleged herein, and that each of the Defendants knowingly aided, abetted or conspired with the others to commit the acts alleged herein.

9.      There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant Thelen LLP and Defendant Does 1 through 400, such that any individuality and separateness between them have ceased, and Defendant Thelen LLP is the alter ego of Defendant Does 1 through 400.  Adherence to the fiction of the separate existence of Defendant Thelen LLP as an entity distinct from Defendant Does 1 through 400 would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

10.      Plaintiffs are informed and believe and thereon allege that Defendant Thelen LLP has dissolved, and that Defendant Does 1 through 400 are the successors in interest of Defendant Thelen LLP.

11.      Plaintiffs are informed and believe and thereon allege that Defendant Does 401 through 500 are successors of Defendant Thelen LLP for labor law purposes.  Defendant Does 401 through 500 are law firms or other entities that have substantially continued the same business operations of Defendant Thelen LLP, with substantially the same employees working in similar jobs and working conditions, with similar supervisory personnel, using similar methods and offering similar services.

12.      Plaintiffs are informed and believe and thereon allege that Defendant Thelen LLP herein acted as a "single employer" at all relevant times for purposes of the WARN Act.  At all relevant times, Defendant Thelen LLP maintained facilities in New York, California and Connecticut that qualified for protection under the WARN Act (collectively, the "Facilities").

1

2

**JURISDICTION AND VENUE**

3       13.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this

4   case is being brought under the WARN Act, 29 U.S.C. § 2101 *et seq*.

5

6       14.      This Court also has supplemental jurisdiction over the state law claims pursuant

7   to 28 U.S.C. §1367.

8

9       15.      Venue is proper in the United States District Court, Northern District of

10  California pursuant to 28 U.S.C. § 1391, because Defendant Thelen LLP resides within this

11  district, and because a substantial part of the events and omissions giving rise to Plaintiffs'

12  claims occurred in this District.  Plaintiffs are informed and believe and thereon allege that the

13  headquarters and operating nucleus of Defendant Thelen LLP is where substantially all major

14  management decisions about how to handle termination of all employees' employment were

15  made.

16

17      16.      JURISDICTIONAL STATEMENT REQUIRED BY L.R. 3-5.  Under L.R. 3-

18  2(c), this civil action arose in the County of San Francisco and is therefore properly assigned to

19  either the Oakland or San Francisco division of this District.

20

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

21

22      17.      On or about October 30, 2008, Defendant Thelen LLP announced that it was

23  dissolving its partnership.  On that day it informed Plaintiffs and substantially all other

24  employees that their final day of employment would be November 30, 2008.

25

26      18.      On October 30, 2008, Defendant terminated the employment of Plaintiffs and

27  hundreds of other employees in all of Defendant Thelen LLP's integrated offices.

28

First Amended Complaint (CV-08-5322-EDL)

19.    Defendant Thelen LLP maintains a vacation policy that applies to all of its United States employees.  Through that vacation policy, Plaintiffs and other employees accrued vacation as they worked for Defendant Thelen LLP.

20.    Plaintiffs are informed and believe and thereon allege that starting approximately October 30, 2008, Defendant Thelen LLP failed and refused to pay all employees, including Plaintiffs, for their accrued and unused vacation at the time of employment termination.

21.    Plaintiffs had vacation time available to them when their employment were terminated on October 30, 2008.  Defendant Thelen LLP has not paid them for these vacation time.

## CLASS ACTION ALLEGATIONS UNDER 29 U.S.C. § 2104 (WARN ACT)

22.    Plaintiffs and those they seek to represent herein were discharged without cause on their part on or about October 30, 2008, as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant, and are "affected employees" within the meaning on 29 U.S.C. §2101(a)(5).

23.    Plaintiffs bring this action on their own behalf, pursuant to the WARN Act, and on behalf of all other similarly situated employees and former employees in the New York, California and Connecticut offices whose employment were terminated on or about October 30, 2008.

24.    During the 30 days starting October 30, 2008, Defendant terminated Plaintiffs' employment as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3) for which Plaintiffs were entitled to receive sixty (60) days advance written notice under the WARN Act.

First Amended Complaint (CV-08-5322-EDL)

25.     Defendant, as a single employer, did not give Plaintiffs the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

26.     Plaintiffs are informed and believe and thereon allege that at or about the time they were discharged, on or after October 30, 2008, Defendant discharged many other employees at the Facilities (the "Other Similarly Situated Former Employees").

27.     Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees.

28.     Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiffs in respect to his or her rights under the WARN Act, in that, *inter alia*:

a.     Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendant without cause on their part.

b.     Plaintiffs and the Other Similarly Situated Former Employees are "affected employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

c.     Defendant was required by the WARN Act to give Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days advance written notice of their respective terminations.

d.     Prior to their termination, neither Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

e.      Defendant failed to pay Plaintiffs and the Other Similarly Situated Former
Employees their respective wages, salary, commissions, bonuses, accrued
holiday, sabbatical, and vacation pay for sixty (60) calendar days following notice
of their terminations and failed to make 401(k) contributions and provide them
with health insurance coverage and other employee benefits under ERISA for
sixty (60) calendar days from and after notice of their respective terminations.

## CALIFORNIA WARN ACT ALLEGATIONS

29.     Plaintiff Yeakle and others similarly situated were employed at Defendant's facilities in California until their employment was ended in violation of Cal. Labor Code § 1400, *et seq.*, on or about October 30, 2008.

30.     Plaintiff Yeakle and others similarly situated were employees of Defendant, and Defendant was their employer, as those terms are defined in Cal. Labor Code § 1400.

31.     Defendant operated facilities in California that were "covered establishment(s)," as that term is defined in Cal. Labor Code § 1400, because Defendant employed 75 or more persons in certain facilities in the 12 months preceding October 30, 2008.

32.     Plaintiff Yeakle and others similarly situated were subjected to a "mass layoff," "relocation," or "termination," as those terms are defined in Cal. Labor Code § 1400, on or about October 30, 2008.

33.     Defendant failed to provide Plaintiff Yeakle and others similarly situated with the proper notice required by Cal. Labor Code § 1401 prior to the mass layoff, relocation, or termination.

34.     Defendant failed to provide Plaintiff Yeakle and others similarly situated with sixty (60) days wages and benefits as required by Cal. Labor Code § 1402.

35.     Defendant failed to provide Plaintiff Yeakle and others similarly situated with waiting time penalties as required by Cal. Labor Code § 203.

**WARN ACT AND CALIFORNIA WARN ACT CLASS ACTION ALLEGATIONS UNDER RULE 23**

36.     Plaintiffs sue under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Proposed Classes:

Federal WARN Class: All persons employed at any of Defendant's facilities in New York, California or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

California WARN Class: All employees who worked at one of Defendant's covered establishments (as that term is defined in

California Labor Code section 1400) in California and who were involuntarily terminated without cause on their part pursuant to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code Section 1400) ordered by Defendant on or about November 30, 2008. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

37.    Numerosity: The Proposed Classes are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe and thereon allege that over 50 people (and possibly hundreds) satisfy the definition of the Proposed Classes.

38.    Typicality: The Plaintiffs' claims are typical of the members of the Proposed Classes. Plaintiffs, and proposed class members, were involuntarily terminated by Defendant without proper notice under the WARN Act and the California WARN Act.

39.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of at least 50 employees.

40.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed Classes, and have retained counsel experienced in representing employees in complex class litigation.

41.    Commonality: Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to whether:

a.    Defendant were covered employers under the WARN Act and/or the California WARN Act;

b.    all class members were protected under the WARN Act and/or the California WARN Act;

c.    all class members' employment locations were covered facilities under the WARN Act and/or the California WARN Act;

d.    Defendant acted as a single employer in terminating class members' employment;

e.    Defendant gave at least sixty (60) days advance written notice to the class members, as required by the WARN Act and/or the California WARN Act;

f.    Defendant failed to pay the class members wages and to provide other employee benefits for the 60-day period following their respective terminations;

g.    Defendant failed to provide California WARN Act Class Members with waiting time penalties as required by Cal. Labor Code § 203.

42.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Proposed Classes may result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

43.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes, and because a class action is

First Amended Complaint (CV-08-5322-EDL)

superior to other available methods for the fair and efficient adjudication of this litigation.

Litigation of these claims in one forum is efficient, especially in the context of WARN Act

litigation, which necessarily involves a single decision or set of decisions that affects the rights

of over 50 (and potentially hundreds) of employees.  In addition, class certification is superior

because it will avoid the need for unduly duplicative litigation that might result in inconsistent

judgments about Defendant's practices.

44.      Plaintiffs intend to send notice to all members of the Proposed Classes to the

extent required by Rule 23.  The names and addresses of members of the Proposed Classes are

available from Defendant.

## VACATION TIME CLASS ACTION ALLEGATIONS

45.      Plaintiffs sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil

Procedure on behalf of the following proposed Subclasses:

> New York Vacation Subclass:   All former employees of Defendant
> in the State of New York whose employment with Defendant ended
> on or after October 30, 2008 and who had accrued but unused
> vacation time at the time of their termination for which Defendant
> did not fully compensate such employees.
>
> California Vacation Subclass:   All former employees of Defendant
> in the State of California whose employment with Defendant ended
> on or after October 30, 2008 and who had accrued but unused
> vacation at the time of termination for which Defendant did not fully
> compensate such employees.
>
> Connecticut Vacation Subclass:   All former employees of
> Defendant in the State of Connecticut whose employment with

Defendant ended on or after October 30, 2008 and who had accrued
but unused vacation time at the time of their termination for which
Defendant did not fully compensate such employees.

46.    Numerosity:  The Proposed Vacation Subclasses are so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe and thereon allege that at least 50 and potentially hundreds of people satisfy the definition of the Proposed Vacation Subclasses.

47.    Typicality:  The Plaintiffs' claims are typical of the members of the Proposed Vacation Subclasses.  Plaintiffs are informed and believe and thereon allege that Defendant Thelen LLP uniformly failed to pay accrued vacation to individuals whose employment with Defendant Thelen LLP ended on or after October 30, 2008.

48.    Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy here, where Defendant have failed to pay wages to at least 50 and potentially hundreds of employees, and Defendant's dissolution may shrink the assets available to pay employees.

49.    Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Proposed Subclasses, and have retained counsel experienced in representing employees in complex class litigation.

50.    Commonality:  Common questions of law and fact exist to all members of the Proposed Vacation Subclasses and predominate over any questions solely affecting individual members of the Proposed Vacation Subclasses, including but not limited to whether:

a.    Defendant maintained a policy of providing vacation to subclass members;

b.    Defendant's vacation policy required that Defendant pay subclass members for their unused vacation at the time of termination; and

c.    Defendant uniformly and unlawfully failed to pay vacation time to subclass members.

51.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class may result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

52.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Subclasses predominate over any questions affecting only individual members of the Proposed Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's vacation policy applied to all Subclass Members.  Defendant uniformly failed to pay unused vacation time to all Subclass Members.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53.    Plaintiffs intend to send notice to all members of the Proposed Subclasses to the extent required by Rule 23.  The names and addresses of members of the Proposed Subclasses are available from Defendant.

**FIRST CLAIM FOR RELIEF FOR**

**VIOLATION OF THE WARN ACT**

**(Against All Defendants)**

54.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

55.     The Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

56.     The Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until deciding to order a mass layoff or plant closing at the Facilities.

57.     The Defendant constituted a "single employer" of Plaintiffs and Federal WARN Class members under the WARN Act.

58.     On or about October 30, 2008 the Defendant ordered a "mass layoff" or "plant closing" of the Facilities, as those terms are defined in 29 U.S.C. § 2101(a)(2),(3).

59.     Plaintiffs are informed and believe and thereon allege that the mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 50 of Defendant's employees as well as 33% of Defendant's workforce at each of the Facilities, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

60.     Plaintiffs and each of the other members of the Federal WARN Class were discharged by Defendant without cause on their part, as part of or as the reasonably foreseeable result of the mass layoff or plant closing ordered by Defendant at the Facilities.

61.     Plaintiffs and the other members of the Federal WARN Class are "affected employees" of Defendant within the meaning of 29 U.S.C. §2101(a)(5).

62.     Defendant failed to give Plaintiffs and other members of the Federal WARN Class written notice that complied with the requirements of the WARN Act.

63.    Plaintiffs and each of the other members of the Federal WARN Class are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. §2104(a)(7).

64.    Defendant failed to pay Plaintiffs and each of the other members of the Federal WARN Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 days following notice of their terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ER1SA, for 60 days following notice of their respective terminations.  Defendant are also liable to Plaintiffs for their reasonable attorneys fees under 29 U.S.C. § 2104.

## SECOND CLAIM FOR RELIEF FOR
## VIOLATION OF THE CALIFORNIA WARN ACT
### (Against All Defendants)

65.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

66.    In the twelve (12) months preceding October 30, 2008, Defendant operated facilities in California in which they employed 75 persons or more.

67.    Defendant's actions, as described above and as they occurred at Defendant's qualifying facilities in California, constituted a "mass layoff," "relocation," or "termination," without proper notice, in violation of the California WARN Act, Cal. Labor Code § 1400 *et seq.*

68.    Defendant is therefore liable to the California WARN Class for back pay and benefits for sixty (60) days, as outlined in Cal. Labor Code § 1402, as well as attorneys' fees under Cal. Labor Code § 1404.

### THIRD CLAIM FOR RELIEF FOR

### FAILURE TO PAY VACATION

### UNDER CAL. LABOR CODE § 227.3

### (Against All Defendants)

69.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

70.     Cal. Labor Code § 227.3 requires that employers who provide employees with vacation time must pay employees for all unused vacation at the time of termination of employment.

71.     Defendant violated Cal. Labor Code § 227.3 by failing to pay Plaintiff Yeakle and other members of the proposed California Vacation Subclass the vacation time (including sabbatical time) due and owing to them at the time of the termination of their employment.

72.     As a result of Defendant's violation of law, Plaintiff Yeakle and other members of the proposed California Vacation Subclass have suffered damages, including loss of earnings for unpaid vacation time in an amount to be established at trial, an award of attorneys' fees pursuant to Code of Civil Procedure Section 1021.5 and other applicable law, and costs.

### FOURTH CLAIM FOR RELIEF FOR

### WAITING TIME PENALTIES UNDER CAL. LABOR CODE § 203

### (Against All Defendants)

73.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

74.     California WARN Class Members have been terminated from their positions with Defendant.  Defendant, however, willfully failed to pay such class members all wages owed

them, including vacation time and their final week's pay, within the time limits set forth in Cal. Labor Code §§ 201 and 202.

75.    Under Cal. Labor Code §§ 201, 202, and 203, such class members are entitled to waiting time penalties for Defendant's willful failure to timely pay all wages owed upon separation of their employment.

**FIFTH CLAIM FOR RELIEF FOR**

**BREACH OF CONTRACT AS TO THE NEW YORK VACATION SUBCLASS AND CONNECTICUT VACATION SUBCLASS**

**(Against All Defendants)**

76.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

77.    A contract, oral and written, express and implied, existed between Members of the New York Vacation Subclass (including Plaintiffs Bergman, Patterson, and Attianese) and Defendant.

78.    A contract, oral and written, express and implied, existed between Members of the Connecticut Vacation Subclass (including Plaintiff Levy) and Defendant.

79.    By those contracts, Defendant was required to pay employees all accrued vacation time, including sabbatical leave, at the termination of employment.

80.    Defendant violated that contract by failing to pay vacation time to Plaintiffs Bergman, Patterson, Attianese, and Levy, and to Members of the New York Vacation Subclass and the Connecticut Vacation Subclass.

81.    As a result of Defendant's breach of contract, Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members suffered damages in the amount of their accrued but unpaid vacation and sabbatical time, to be determined at trial.

**SIXTH CLAIM FOR RELIEF FOR**

**PROMISSORY ESTOPPEL AS TO THE NEW YORK VACATION CLASS AND**

**CONNECTICUT VACATION CLASS**

**(Against All Defendants)**

82.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

83.    Defendant reasonably expected to and did induce Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members to rely on promises relating to the payment of unused vacation and sabbatical time.

84.    Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members reasonably relied to their detriment on promises and representations made to them by Defendant relating to the payment for unused vacation.

85.    Defendant has refused to honor the promises made to Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members.

86.    As a result, Plaintiffs Bergman, Patterson, Attianese, and Levy and the New York Vacation Subclass Members and Connecticut Vacation Subclass Members are entitled to an

1    award in equity in the amount of their unused vacation and sabbatical time, to be determined at

2    trial.

3

4                                    **PRAYER FOR RELIEF**

5

6        87.        WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

7    Proposed Classes and Subclasses, pray for relief as follows:

8

9             A.       That the Court determine that this action may be maintained as a class

10            action under Federal Rule of Civil Procedure 23;

11

12            B.       That Defendant is found to have violated the provisions of the WARN Act

13            as to Plaintiffs and the WARN Class;

14

15            C.       That Defendant is found to have violated the provisions of the California

16            WARN Act as to Plaintiffs and the California WARN Class;

17

18            D.       That Defendant is found to have violated Cal. Labor Code § 227.3

19            requiring payment of unused vacation upon termination;

20

21            E.       That Defendant is found to have violated Cal. Labor Code § 203 requiring

22            payment of waiting time penalties;

23

24            C.       That Defendant is found to have breached a contract with New York

25            Vacation Subclass Members and the Connecticut Vacation Subclass Members by

26            failing to pay unused vacation at the time of termination;

27

28

D.      For an award, of damages or in equity, in the amount of unpaid vacation owed to members of the New York Vacation Subclass and the Connecticut Vacation Subclass;

E.      For an award to Plaintiffs and all class members for the amount of all unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

F.      For an award to members of the California WARN Class for the amount of all unpaid waiting time penalties required by Cal. Labor Code § 203;

G.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2104, Cal. Labor Code § 218.5 and other applicable law; and

H.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated:  March 10, 2009                      BLUM | COLLINS LLP
                                            Steven A. Blum
                                            Craig M. Collins
                                            Douglas L. Thorpe

                                            By  /s/ Steven A. Blum
                                                Steven A. Blum
                                                Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated:  March 10, 2009                    BLUM | COLLINS LLP
                                                      Steven A. Blum
                                                      Craig M. Collins
                                                      Douglas L. Thorpe

                                               By  /s/ Steven A. Blum
                                                      Steven A. Blum
                                                      Attorneys for Plaintiffs