IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BERGMAN, et al., | No. C-08-05322 EDL |
| Plaintiffs, | **ORDER DENYING MOTION TO INTERVENE** |
| v. | |
| THELEN LLP, et al., | |
| Defendants. | |

In this class action,[1] Plaintiffs allege that the law firm Thelen LLP ("Thelen" or "Defendant") did not give its employees the requisite notice when it terminated them and did not pay its employees the appropriate vacation time. The subclasses in this case include a Federal WARN Act (29 U.S.C. § 2101 et seq.) class, a California WARN Act (Cal. Labor Code § 1400 et seq.) class, a New York vacation subclass, a California vacation subclass, and a Connecticut vacation subclass. Plaintiffs in this case have not obtained permission to and do not intend to proceed against Thelen under California's Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA").

Todd Bennett and Matthew Troup, who worked in Thelen's San Francisco office, are named plaintiffs in Bennett v. Thelen (Case Number 08-483571), filed in San Francisco Superior Court. That case was stayed on April 9, 2009, pending the outcome of this case. Messrs. Bennett and Troup, along with the state of California and the California Labor and Workforce Development Agency (together, "Applicants"), represented by counsel, now seek to intervene in this case. Applicants argue that they have a right to intervene, and that even if they do not, permissive intervention is proper. For the following reasons and for the reasons stated at the May 5, 2009

---

[1] The parties stipulated to class certification, which the Court approved on March 31, 2009.

hearing, Applicants' motion is denied.

**Legal Standard**

The Federal Rules of Civil Procedure authorize two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. Proc. 24(a)-(b). Applicants bear the burden of demonstrating that the conditions for intervention are satisfied. Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n.5 (9th Cir. 1981). A motion to intervene meets the requirements of Rule 24(a)(2) for intervention as of right if: "(1) the motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) without intervention the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) that interest is inadequately represented by the other parties." Id. at 1009.

As to permissive intervention, a court may permit anyone to intervene who has claims or defenses that share common questions of law or fact with the pending action. Fed. R. Civ. Pro. 24(b). However, intervention is permissible only where it will not "unduly delay or prejudice the adjudication of the original parties.' rights." Id. "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (internal citations omitted). In considering a motion for permissive intervention, the Court may consider factors such as: "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . . whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal

questions presented." Spangler v. Pasadena City Bd. of Education, 552 F.2d 1326, 1329 (9th Cir. 1977).

**Intervention As of Right**

In support of their motion to intervene as of right, Applicants argue that their motion is timely and that they have an interest in this action because they were employees of Thelen denied wages. They claim that if the case is resolved without them, they will be prejudiced because of alleged conflicts of interest among the class and because no plaintiff asserted claims based on PAGA. For these reasons, they also claim inadequate representation.

Defendant first argues that Applicants failed to provide this Court or the parties with a pleading setting out the claims for which they seek intervention, as required under Rule 24(c). In their motion to intervene, Applicants state that the complaint they filed in California state court sets out the claim for which intervention is sought. See Kletter Decl, Ex. C. Even assuming that this meets the procedural requirements under Rule 24(c), however, Applicants have not demonstrated their right to intervene, as they failed to demonstrate that: 1) their ability to protect their interests is impaired; and 2) they are not adequately represented.

The disposition of the action will not, as a practical matter, impede or impair applicants' ability to protect their interest. Class members Troup and Bennett may opt out of the class action and assert any claims they wish to pursue against Defendants. See Glass v. UBS Financial Services, No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8509, *7-8 (N.D. Cal. Jan. 17, 2007) (denying class member's motion to intervene). Indeed, they, along with the state of California, have already asserted their PAGA claim in state court, and can litigate that claim upon resolution of this case.

Regarding adequacy of representation, courts consider three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. The most important factor in determining the adequacy of representation, however, is how the interest compares with the interests of existing parties. "When an applicant for intervention and

1  an existing party have the same ultimate objective, a presumption of adequacy of representation
2  arises. If the applicant's interest is identical to that of one of the present parties, a compelling
3  showing should be required to demonstrate inadequate representation." Arakaki v. Cayetano, 324
4  F.3d 1078, 1086 (9th Cir. 2003). In addition, certain federal courts have held that there is a
5  "presumption of adequate representation when the persons attempting to intervene are members of a
6  class already involved in the litigation or are intervening only to protect the interests of class
7  members." Jenkins by Jenkins v. Missouri, 78 F.3d 1270, 1275 (8th Cir. 1996) (citing Bradley v.
8  Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987).

9  Applicants have not made a compelling showing required to demonstrate inadequate
10 representation. "When a proposed intervenor has not alleged any substantive disagreement between
11 it and the existing parties to the suit, and instead has rested its claim for intervention entirely upon a
12 disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the
13 applicant full-party status." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1306
14 (9th Cir. 1997). Here, Messrs. Bennett's and Troup's interests are identical to that of the class – in
15 fact, they are class members, as this case includes a California WARN class and California Vacation
16 subclass. While Applicants argue that they would also assert a claim under PAGA, the PAGA claim
17 involves the same issues of fact and law that are raised by Plaintiffs' California WARN and unpaid
18 vacation claims. In addition, Plaintiffs attorneys represent that they carefully considered whether or
19 not to assert a PAGA claim, but chose not to assert such a claim because 75% of the recovery goes
20 to the state in such an action, and Thelen has very limited funds to pay any claims of the class. Such
21 strategic considerations appear to be legitimate, and Applicants' disagreement does not justify
22 granting intervention. In addition, Applicants have not shown that they bring a necessary element to
23 the proceeding that would otherwise be neglected.

24 Finally, this Court already rejected Applicants' arguments that there are "conflicts of
25 interest" among the classes in this litigation, and the motion fails to identify any such conflict. In
26 fact, it appears that the only potentially relevant conflict might be the one between the state of
27 California and class members were the Court to allow intervention.

28 **Permissive Intervention**

4

As to permissive intervention, intervention would serve no purpose here because Applicants are already class members. As Defendant notes, permitting members of existing classes to intervene in order to assert the same claims would be pointless. As to California and its Labor and Workforce Development Agency, their PAGA claim has been asserted in state court, and Applicants can pursue that claim in that forum once this case is resolved. In addition, as noted above, intervenors' interests are adequately represented, and the Court finds that the parties seeking intervention would not significantly add to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. See Spangler, 552 F.2d at 1329.

**Conclusion**

For the above, reasons, Applicants' motion is DENIED. It is FURTHER ORDERED that stay on providing class notice imposed by the Court on March 31, 2009, is lifted.

**IT IS SO ORDERED.**

Dated: May 11, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge