1  BLUM | COLLINS LLP
       Steven A. Blum (Bar No. 133208)
2      Craig M. Collins (Bar No. 151582)
       Douglas L. Thorpe (Bar No. 43749)
3  707 Wilshire Blvd., 48th Floor
4  Los Angeles, California  90017
   Telephone:  213.572.0400
5  Facsimile:  213.572.0401
   blum@blumcollins.com; collins@blumcollins.com;
6  dthorpe@thorpelink.com

7  Attorneys for Plaintiffs

8  LATHAM & WATKINS LLP
       Wayne S. Flick (Bar No. 149525)
9      Kimberly A. Posin (Bar No. 223091)
       David B. Hazlehurst (Bar No. 261043)
10 355 South Grand Avenue
   Los Angeles, California  90071-1560
11 Telephone:  213.485.1234
   Facsimile:  213.891.8763
12 wayne.s.flick@lw.com; kim.posin@lw.com;
   david.hazlehurst@lw.com
13

14 Attorneys for Defendant Thelen LLP

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

18 | ADAM BERGMAN, KENDRICK              | Case No.  CV-08-5322-EDL
   | PATTERSON, MICHAEL ATTIANESE,       |
19 | ANDREA LEVY, and DARYL YEAKLE       | **JOINT STIPULATION AND**
   | each individually, and on behalf of all others | **[PROPOSED] ORDER TO AMEND**
20 | similarly situated and the general public,      | **CLASS CERTIFICATION ORDER**

21                Plaintiffs,

22          vs.                                    Honorable Elizabeth D. Laporte

23 THELEN LLP, a California limited liability
   partnership, and DOES 1-500,
24
                Defendants.
25

26

27

28

Subject to the approval of the Court, Plaintiffs Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy and Daryl Yeakle (collectively, "Plaintiffs") and Defendant Thelen LLP ("Defendant"), through their respective counsel of record, stipulate and agree as follows:

**I.  INTRODUCTION**

This case arises out of the closure of Defendant's offices on November 30, 2008.  On October 30, 2008, Defendant announced that it was dissolving its partnership and that most of its employees would be terminated effective November 30, 2008.  Plaintiffs, the existing Class members and the proposed class members were Defendant's employees who were terminated upon the cessation of Defendant's operations on November 30, 2008.

Through this action, Plaintiffs, on behalf of themselves, the existing Class members and the proposed class members, seek recovery of alleged damages by reason of Defendant's alleged failure to provide the notification required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "Federal WARN Act") and the California Relocations, Terminations and Mass Layoffs Act, Cal. Labor Code § 1400 *et seq*. (the "California WARN Act").  Plaintiffs, on behalf of themselves, the existing Class members and the proposed class members, also seek payment for accrued but unused vacation time allegedly due and owing at the time their employment with Defendant was terminated.  Plaintiff Yeakle, on behalf of himself and other similarly situated class members who were employed in Defendant's California offices, also seek waiting time damages pursuant to Cal. Labor Code § 203.

On March 31, 2009, the Court issued an Order certifying classes and subclasses, including subclasses for the Defendant's New York, California and Connecticut employees, and appointing Plaintiffs' counsel as class counsel.

The parties have now agreed (by separate stipulation being filed concurrently) that the Plaintiffs may file a Second Amended Complaint ("SAC") that adds an additional subclass of

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

LA\1990605.5

Defendant's former District of Columbia employees, and that makes other changes in the SAC to modify claims asserted and to correct typographical mistakes.

Thus, by this stipulation, the parties ask the Court to expand its March 31, 2009 Order certifying the class and subclasses to certify a subclass of Defendant's District of Columbia employees for unpaid vacation time (the "District of Columbia Vacation Subclass").

## II.    EXISTING CLASSES AND SUBCLASSES

On March 31, 2009, the Court granted certification of the following classes and subclasses:

### A.    **Federal WARN Class:**

All persons employed at any of Defendant's facilities in New York, California or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

### B.    **California WARN Class:**

All employees who worked at one of Defendant's covered establishments (as that term is defined in California Labor Code section 1400) in California and who were involuntarily terminated without cause on their part pursuant to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code Section 1400) ordered by Defendant on or about November 30, 2008.  Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

C.    **New York Vacation Subclass:**

All former employees of Defendant in the State of New York whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

D.    **California Vacation Subclass:**

All former employees of Defendant in the State of California whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation at the time of termination for which Defendant did not fully compensate such employees.

E.    **Connecticut Vacation Subclass:**

All former employees of Defendant in the State of Connecticut whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

**III.    PROPOSED ADDED SUBCLASS**

By this Stipulation, the parties seek certification of the following District of Columbia subclass:

A.    **District of Columbia Vacation Subclass:**

All former employees of Defendants in the District of Columbia whose employment with Defendants ended on or after October 30, 2008, through the trial of this case, and who had accrued but unused vacation time at the time of termination for which Defendant did not fully compensate such employees .

**IV.    THE PROPOSED ADDED SUBCLASS SATISFIES RULE 23(a)**

A.    **Numerosity (Rule 23(a)(1))**

The individuals that make up the newly added subclass are so numerous that the joinder of all members is impracticable.  Plaintiffs are informed and believe and thereon allege that more than 50 people satisfy the definition of the newly added subclass.  The newly added subclass includes many of Defendant's employees who were terminated upon its closure.

Potential members of the newly added subclass are ascertainable and likely can be identified by Defendant. The newly added subclass consists of former employees of Defendant who worked at specific locations within a definite time period and who were all terminated at around the same time. The proposed class definitions are based on an objective determination that likely can be identified (*i.e.*, through Defendant's employment records). Defendant believes it has in its possession a current or last known address and/or telephone number for each member of the newly added subclass.

B.      **Commonality (Rule 23(a)(2))**

Common questions of law and fact exist for all members of the proposed District of Columbia Vacation Subclass, including but not limited to whether:

a.      Defendant maintained a policy of providing vacation to subclass members;

b.      Defendant's vacation policy required that Defendant pay subclass members for their accrued but unused vacation time at the time of their termination; and

c.      Defendant failed to pay accrued but unused vacation time to subclass members.

C.      **Typicality (Rule 23(a)(3))**

The individual Plaintiffs' claims are typical of those of the other members of the newly added subclass. The individual Plaintiff Karen Olsen, as class representative, alleges that she suffered the same alleged injury as the other members of the newly added subclass. Individual Plaintiff Karen Olsen alleges that she and the other members of the proposed vacation subclass were Defendant's employees and were terminated by Defendant on or after October 30, 2008. Individual Plaintiff Karen Olsen alleges that she and the other members of the proposed vacation subclass did not receive payments for accrued but unused vacation pay on the day they were terminated by Defendant. Based on these allegations, the individual Plaintiffs' claims are identical to those of the other members of the newly added subclass. Their claims arise from the same course of alleged conduct and are based on the same legal theories.

LA\1990605.5

D.     **Adequate Representation (Rule 23(a)(4))**

Ms. Olsen resides in Chantilly, Virginia.  She was employed as a legal secretary by Defendants until November 30, 2008.  She is a member of the proposed District of Columbia Vacation Subclass.

Plaintiffs represent that they will fairly and adequately protect the interests of the newly added subclass, and have retained counsel experienced in representing employees in complex class litigation and employment litigation.  They further represent that they have no known conflicts with the members of the proposed classes or subclasses, and that their personal claims are not antagonistic to the claims of other members of the proposed District of Columbia Vacation Subclass.

Steven A. Blum, Craig M. Collins, and Douglas Thorpe of Blum Collins, LLP represent that they are experienced class action litigators with extensive trial experience. Messr. Blum and Collins each have been in practice for more than 20 years.  Mr. Thorpe has been in practice more than 40 years and is a former managing partner of Perkins Coie, LLP, a large and highly regarded commercial law firm.

Mr. Blum, previously of the Heller Ehrman law firm, has worked on and led large complex commercial and class litigation matters, including consumer and wage and hour class action litigation matters.  Mr. Blum has been lead counsel on at least 15 certified class actions including the currently pending case of *Jones v. International Coffee & Tea Corp.*, on behalf of approximately 11,000 baristas (employees) claiming wages and waiting time penalties. Mr. Blum is a 1987 graduate of Yale Law School with a bachelor of arts from the University of California, Los Angeles *summa cum laude.*  Mr. Collins is a graduate of the Indiana University School of Law and the University of Chicago.  Mr. Collins has experience in large scale complex litigation in California and the Federal Courts.  Mr. Thorpe has managed large and complex cases for corporate clients during his entire legal career, starting at O'Melveny & Myers and concluding at Perkins Coie LLP.  Mr. Thorpe is a graduate of Southern Methodist University School of Law and University of Nebraska.  Messrs. Blum, Collins and Thorpe are all admitted

LA\1990605.5

to the State Bar of California.  Mr. Blum, Mr. Collins and Mr. Thorpe, as well as the Blum Collins law firm, represent that they have no known conflicts of interest with individual plaintiffs or the members of the proposed classes or subclasses.

While it lacks personal knowledge sufficient to stipulate to the details set forth above, Defendant does not dispute that Plaintiffs are represented by adequate class counsel.

## V.    THE NEWLY ADDED SUBCLASS MEETS THE CONDITIONS OF RULE 23(b)(1)(A)

This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate lawsuits by each class member would create a risk of imposing incompatible standards of conduct on the Defendant, through inconsistent adjudications of identical questions of law and fact.

## VI.    THE NEWLY ADDED SUBCLASS MEET THE CONDITIONS OF RULE 23(b)(3)

Class certification is appropriate because questions of law and fact common to the newly added subclass predominate over any questions affecting only individual members of the subclass, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. As for the proposed District of Columbia Vacation Subclass, litigation of these claims in one forum is efficient because common questions predominate because Defendant's alleged vacation policy applied to the respective subclass members and Defendant is alleged uniformly to have failed to pay for all subclass members' accrued but unused vacation time.  Class certification is superior because it will avoid the need for unduly duplicative litigation that might result in inconsistent judgments against Defendant.

Other factors under Rule 23(b)(3) also favor class certification.  First, many of the class members' claims are relatively small, and those class members would likely be financially unable and not sufficiently motivated to pursue their claims individually.  Second, Plaintiffs are aware of only two other litigation matters involving claims between any other class member and the Defendant: (1) *Bennett et al. v. Thelen LLP* (CGC 08-483571), Superior Court of the State of California, County of San Francisco, and (2) *Bennett et al.  v. Thelen LLP* (CV 09 2228),

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

LA\1990605.5

Northern District of California. Both actions have been voluntarily dismissed. Third, the desirability of adjudicating the claims in one forum is favored because the proposed class members' claims are based on the closure of Defendant's offices and the resulting termination of the proposed class members, and a class action will avoid multiple individual actions. Lastly, there are minimal case management issues because the proposed class members can be easily identified, the potential liability of Defendant can be readily calculated, and the claims are centered on Defendant's course of conduct.

## VII. CLASS NOTICE

If the proposed District of Columbia Vacation Subclass is certified, the Plaintiffs will send Court-approved notice to all members of the classes and subclasses as required by Rule 23(c)(2)(B). The names and addresses of all the putative class members are contained in Defendant's records. Once Plaintiffs have been provided with this information, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the putative class members so that they will have at least 30 days from the date of the mailing to object to class certification and to opt out of the classes and subclasses.

## VIII. CONCLUSION

The Court previously concluded that this action meets all of the prerequisites for certification as a class action. Common issues of fact and law predominate over individual issues and, given the size of the classes, a class action is a superior method of adjudicating this controversy. A class action will also avoid inconsistent adjudication of the claims of the various proposed class members.

For all of these reasons, the parties stipulate that the proposed District of Columbia Vacation Subclass action be certified as a class action, that the individual Plaintiffs be certified as representatives of the District of Columbia Vacation Subclass, and that Plaintiffs' counsel be certified as counsel for the District of Columbia Vacation Subclass.

LA\1990605.5

## IX.  DEFENDANT'S RESERVATION OF RIGHTS

Defendant stipulates to the certification of the aforementioned subclass exclusively for the purpose of advancing this litigation beyond the class certification stage, and solely with respect to members' alleged vacation (but not WARN Act) claims.  This Stipulation shall not be read as an admission of liability in any manner whatsoever.  Furthermore, this Stipulation shall not be read as a waiver of any factual allegations, defenses (affirmative or otherwise), legal claims or any other argument or allegation that Defendant may otherwise lawfully advance during the course of this action.

Dated:  June 24, 2009                    BLUM | COLLINS LLP
                                                        Steven A. Blum
                                                        Craig M. Collins
                                                        Douglas L. Thorpe

                                                    By   /s/ Steven A Blum
                                                        Steven A. Blum
                                                        Attorneys for Plaintiffs

Dated:  June 24, 2009                    LATHAM & WATKINS LLP
                                                        Wayne S. Flick
                                                        Kimberly A. Posin
                                                        David B. Hazlehurst

                                                    By   /s/David B. Hazlehurst
                                                        David B. Hazlehurst
                                                        Attorneys for Defendant Thelen LLP

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

LA\1990605.5

## [~~PROPOSED~~] ORDER AMENDING CERTIFIED CLASS AND ADDING SUBCLASS

Based on the foregoing stipulation, the Court finds as follows:

1.      The proposed District of Columbia Vacation Subclass satisfies the requisites for class certification set forth in Federal Rule of Civil Procedure 23.

2.      The members of the proposed District of Columbia Vacation Subclass are ascertainable and are so numerous that the joinder of all members is impracticable.  (Fed. R. Civ. P. 23(a)(1)).

3.      Common questions of law and fact exist to all members of the proposed District of Columbia Vacation Subclass (Fed. R. Civ. P. 23(a)(2)), including but not limited to whether:

       a.      Defendant maintained a policy of providing vacation to subclass members;

       b.      Defendant's alleged vacation policy required that Defendant pay subclass members for their accrued but unused vacation time at the time of their termination; and

       c.      Defendant failed to pay accrued but unused vacation time to subclass members.

4.      The individual Plaintiffs' claims are typical of those of the other members of the proposed District of Columbia Vacation Subclass.  Their claims arise from the same course of conduct by Defendant and are based on the same legal theories.  (Fed. R. Civ. P. 23(a)(3)).

5.      The individual Plaintiffs will fairly and adequately protect the interests of the proposed District of Columbia Vacation Subclass.  They have no known conflicts with any members of the proposed District of Columbia Vacation Subclass.  (Fed. R. Civ. P. 23(a)(4)).

6.      The individual Plaintiffs are represented by adequate class counsel that have no known conflicts of interest with individual Plaintiffs or any members of the proposed classes or subclasses.  (Fed. R. Civ. P. 23(a)(4)).

7.      This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate lawsuits by each class member would create a risk of imposing incompatible

LA\1990605.5

standards of conduct on Defendant, through inconsistent adjudications of identical questions of law and fact.

8.    Class certification is also appropriate because questions of law and fact common to the newly added subclass predominate over any questions affecting only individual members of the classes and subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**THEREFORE, IT IS HEREBY ORDERED:**

1.    The Court's March 31, 2009 Order certifying the class and various subclasses is amended to allow this action to be maintained as a class action on behalf of the following additional subclass of plaintiffs:

a.    **District of Columbia Vacation Subclass:**

All former employees of Defendants in the District of Columbia whose employment with Defendants ended on or after October 30, 2008, through the trial of this case, and who had accrued but unused vacation time or sabbatical at the time of termination for which Defendant did not fully compensate such employees.

In all other respects, the Court's March 31, 2009 Order remains in effect.

2.    Individual Plaintiff Karen Olsen is hereby appointed as an additional class representative (along with existing class representatives Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy, and Daryl Yeakle) for both the classes and subclasses.

3.    Steven A. Blum, Craig M. Collins and Douglas Thorpe of Blum Collins, LLP are hereby appointed as Plaintiffs' classes counsel for all of the certified classes.

4.    The procedure for providing classes action notice described in the stipulation is hereby approved.

5.    This Stipulation shall not be read as an admission of liability on the part of Defendant Thelen LLP in any manner whatsoever, nor shall this Stipulation shall be read as a waiver of any factual allegations, defenses (affirmative or otherwise), legal claims or any other

---

2

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

1   argument or allegation that Defendant may otherwise lawfully advance during the course of this

2   action.

3

4           Dated:  _June 26, 2009_

5

6                                                                    B

7                                                          IT IS SO ORDERED

8                                                          _Elizabeth D. Laporte_

9                                                          Judge Elizabeth D. Laporte

10

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

LA\1990605.5

1

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)