BLUM | COLLINS LLP
   Steven A. Blum (Bar No. 133208)
   Craig M. Collins (Bar No. 151582)
   Douglas L. Thorpe (Bar No. 43749)
707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
Telephone: 213.572.0400
Facsimile: 213.572.0401
blum@blumcollins.com; collins@blumcollins.com;
dthorpe@thorpelink.com

Attorneys for Plaintiffs

LATHAM & WATKINS LLP
   Wayne S. Flick (Bar No. 149525)
   Kimberly A. Posin (Bar No. 223091)
   David B. Hazlehurst (Bar No. 261043)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: 213.485.1234
Facsimile: 213.891.8763
wayne.s.flick@lw.com; kim.posin@lw.com;
david.hazlehurst@lw.com

Attorneys for Defendant Thelen LLP

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BERGMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THELEN LLP, a California limited liability partnership, and DOES 1-500, <br><br> Defendants. | Case No. CV-08-5322-EDL <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO ALLOW:** <br> • **DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF KAREN OLSEN'S CLAIMS;** <br> • **FILING OF THIRD AMENDED COMPLAINT ADDING PLAINTIFF RAYMOND R. PLANTE, AND** <br> • **AMENDING CLASS CERTIFICATION ORDER SO THAT PLANTE WILL SERVE AS CLASS REPRESENTATIVE IN LIEU OF OLSEN** <br><br> Honorable Elizabeth D. Laporte |

Subject to the approval of the Court, the parties, through their respective counsel of record, stipulate and agree as follows:

## I. INTRODUCTION

This case arises out of the closure of Defendant's offices on November 30, 2008. On October 30, 2008, Defendant announced that it was dissolving its partnership and that most of its employees would be terminated effective November 30, 2008. Plaintiffs and the existing Class members were Defendant's employees who were terminated upon the cessation of Defendant's operations on or after October 30, 2008.

Through this action, Plaintiffs, on behalf of themselves and the existing Class members seek recovery of alleged damages by reason of Defendant's alleged failure to provide the notification required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "Federal WARN Act") and the California Relocations, Terminations and Mass Layoffs Act, Cal. Labor Code § 1400 *et seq*. (the "California WARN Act"). Plaintiffs, on behalf of themselves and the existing Class members, also seek payment for accrued but unused vacation time allegedly due and owing at the time their employment with Defendant was terminated. Plaintiff Yeakle, on behalf of himself and other similarly situated class members who were employed in Defendant's California offices, also seeks waiting time damages pursuant to Cal. Labor Code § 203.

On March 31, 2009, the Court issued an Order certifying classes and subclasses, including subclasses for the Defendant's New York, California and Connecticut employees, and appointing Plaintiffs' counsel as class counsel.

On June 26, 2009, the Court granted the parties stipulation and allowed Plaintiffs to file a Second Amended Complaint ("SAC") that added an additional subclass of Defendant's former District of Columbia employees, and made other changes in the SAC to modify claims asserted and to correct typographical mistakes. The Court also on June 26, 2009 expanded its March 31, 2009 Order certifying the class and subclasses to certify a subclass of Defendant's District of Columbia employees for unpaid vacation time (the "District of Columbia Vacation Subclass").

1

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

The Court appointed Plaintiff Karen Olsen as class representative for the District of Columbia Vacation Subclass.

Now, the parties stipulate to allow Plaintiff Karen Olsen to dismiss all of her claims in this action without prejudice, and be replaced instead by new Plaintiff Raymond R. Plante who also worked in Defendant's District of Columbia office. Thus, by this stipulation, the parties ask the Court to:

- order that Plaintiff Karen Olsen has voluntarily dismissed all of her claims against all defendants without prejudice;
- allow the filing of Plaintiffs' Third Amended Complaint which adds allegations by Plaintiff Raymond R. Plante; and
- amend the class certification order to appoint Raymond R. Plante, in lieu of Ms. Olsen, as a class representative for the District of Columbia Vacation Subclass.

## II. BACKGROUND: FIRST COURT ORDER RE CLASSES AND SUBCLASSES

On March 31, 2009, the Court granted certification of the following classes and subclasses:

### A. Federal WARN Class:

All persons employed at any of Defendant's facilities in New York, California or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

### B. California WARN Class:

All employees who worked at one of Defendant's covered establishments (as that term is defined in California Labor Code section 1400) in California and who were involuntarily terminated without cause on their part pursuant to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code Section 1400) ordered by Defendant on or about November 30, 2008. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

### C. **New York Vacation Subclass:**

All former employees of Defendant in the State of New York whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

### D. **California Vacation Subclass:**

All former employees of Defendant in the State of California whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation at the time of termination for which Defendant did not fully compensate such employees.

### E. **Connecticut Vacation Subclass:**

All former employees of Defendant in the State of Connecticut whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

## III. BACKGROUND: SECOND COURT ORDER ADDING SUBCLASS

On June 26, 2009, the Court granted certification of the following District of Columbia Vacation Subclass:

### A. **District of Columbia Vacation Subclass:**

All former employees of Defendants in the District of Columbia whose employment with Defendants ended on or after October 30, 2008, through the trial of this case, and who had accrued but unused vacation time at the time of termination for which Defendant did not fully compensate such employees.

The Court on June 26, 2009 also appointed Individual Plaintiff Karen Olsen as an additional class representative (along with existing class representatives Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy, and Daryl Yeakle) for both the class and the District of Columbia Vacation Subclass.

## IV. THE PROPOSED NEW PLAINTIFF SATISFIES RULE 23(a)

### A. Typicality (Rule 23(a)(3))

The Plaintiff Raymond R. Plante who is to be added to the Third Amended Complaint (in lieu of Ms. Olsen) is an adequate class representative. Mr. Plante resides in Washington, D.C. He was employed as a librarian by Defendants until November 30, 2008. He is a member of the District of Columbia Vacation Subclass. He is better suited to be a class representative because he was terminated on November 30, 2008, which makes his claims more typical of the other class members' claims.

The individual Plaintiff Raymond R. Plante's claims are typical of those of the other members of the District of Columbia Vacation Subclass. The individual Plaintiff Raymond R. Plante, as proposed class representative, alleges that he suffered the same alleged injury as the other members of the District of Columbia Vacation Subclass. Individual Plaintiff Raymond R. Plante alleges that he and the other members of the District of Columbia Vacation Subclass were Defendant's employees and were terminated by Defendant on or after October 30, 2008. Individual Plaintiff Raymond R. Plante alleges that he and the other members of the proposed vacation subclass did not receive payments for accrued but unused vacation pay on the day they were terminated by Defendant. Based on these allegations, individual Plaintiff Raymond R. Plante's claims are identical to those of the other members of the District of Columbia Vacation Subclass. Their claims arise from the same course of alleged conduct and are based on the same legal theories.

## V. THE PROPOSED THIRD AMENDED COMPLAINT IS APPROPRIATE

Plaintiffs seek to file a Third Amended Complaint which makes no changes from the existing Second Amended Complaint other than to assert allegations by newly added Plaintiff Raymond R. Plante and to remove any reference to Plaintiff Karen Olsen, whose claims are

4

being dismissed. Defendant has reviewed Plaintiffs' Third Amended Complaint, and consents to Plaintiffs' filing of their Third Amended Complaint without the need for a motion seeking leave of the Court.

The parties stipulate pursuant to Federal Rule of Civil Procedure 15(a)(2) that Plaintiffs may file a Third Amended Complaint, a copy of which is attached hereto as Exhibit A.

The Defendant waives service of the Third Amended Complaint and agrees that service of the Third Amended Complaint is deemed completed as of the date of entry of the [proposed] Order.

The parties further stipulate that Defendant shall be permitted to file an Answer to the Third Amended Complaint at any time not later than 21 days from the date of entry of the [proposed] Order.

By entering into this Stipulation, Defendant does not admit any allegations contained in the Third Amended Complaint and that, by stipulating to the filing of, and waiving service of, the Third Amended Complaint, Defendant does not intend to waive any claim, allegation or defense it might otherwise assert in defense of this action.

## VI.  CONCLUSION

The Court previously concluded that this action meets all of the prerequisites for certification as a class action. Common issues of fact and law predominate over individual issues and, given the size of the classes, a class action is a superior method of adjudicating this controversy. A class action will also avoid inconsistent adjudication of the claims of the various proposed class members.

The only change being effected by this stipulation is that Plaintiff Karen Olsen will be replaced by newly added Plaintiff Raymond R. Plante. The parties stipulate that Mr. Plante may be certified as the class representative of the District of Columbia Vacation Subclass.

## VII.  DEFENDANT'S RESERVATION OF RIGHTS

Defendant stipulates to the foregoing exclusively for the purpose of advancing this litigation beyond the class certification stage. This Stipulation shall not be read as an admission of liability in any manner whatsoever. Furthermore, this Stipulation shall not be read as a waiver

of any factual allegations, defenses (affirmative or otherwise), legal claims or any other argument or allegation that Defendant may otherwise lawfully advance during the course of this action.

Dated: July 8, 2009                     BLUM | COLLINS LLP
                                        Steven A. Blum
                                        Craig M. Collins
                                        Douglas L. Thorpe

                                        By /s/Steven A. Blum
                                        Steven A. Blum
                                        Attorneys for Plaintiffs

Dated: July 8, 2009                     LATHAM & WATKINS LLP
                                        Wayne S. Flick
                                        Kimberly A. Posin
                                        David B. Hazlehurst

                                        By /s/David B. Hazlehurst
                                        David B. Hazlehurst
                                        Attorneys for Defendant Thelen LLP

**[PROPOSED] ORDER DISMISSING PLAINTIFF KAREN OLSEN'S CLAIMS, SUBSTITUTING RAYMOND R. PLANTE AS CLASS REPRESENTATIVE, AND ALLOWING PLAINTIFFS LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Based on the foregoing stipulation, the Court finds as follows:

1. The individual Plaintiff Raymond R. Plante's claims are typical of those of the other members of the proposed District of Columbia Vacation Subclass. His claims arise from the same course of conduct by Defendant and are based on the same legal theories. (Fed. R. Civ. P. 23(a)(3)).

2. The individual Plaintiff Raymond R. Plante will fairly and adequately protect the interests of the proposed District of Columbia Vacation Subclass. He has no known conflicts with any members of the proposed District of Columbia Vacation Subclass. (Fed. R. Civ. P. 23(a)(4)).

**THEREFORE, IT IS HEREBY ORDERED:**

1. Individual Plaintiff Karen Olsen's claims are hereby dismissed voluntarily without prejudice.

2. Plaintiffs may file their Third Amended Complaint.

3. Service of the Third Amended Complaint is deemed completed as of the date of entry of this Order.

4. Defendant shall be permitted to file an Answer to the Third Amended Complaint at any time within 21 days from the date of entry of this Order. The entry of this Order means that the Defendant is not required to file a response to the Second Amended Complaint.

5. The Stipulation shall not constitute an admission by Defendant as to any of the any allegations contained in the Third Amended Complaint, nor by waiving service of the Third Amended Complaint shall Defendant waive any claim, allegation or defense it might otherwise assert in defense of this action.

6. The Individual Plaintiff Raymond R. Plante is hereby appointed as an additional class representative (along with existing class representatives Adam Bergman, Kendrick

Patterson, Michael Attianese, Andrea Levy, and Daryl Yeakle) for both the class and the District of Columbia Vacation Subclass.

7. In all other respects, the Court's March 31, 2009 Order and June 26, 2009 Orders remain in effect.

8. This Stipulation shall not be read as an admission of liability on the part of Defendant Thelen LLP in any manner whatsoever, nor shall this Stipulation shall be read as a waiver of any factual allegations, defenses (affirmative or otherwise), legal claims or any other argument or allegation that Defendant may otherwise lawfully advance during the course of this action.

Dated: __July 10, 2009__



_____
Judge Elizabeth D. Laporte

8

Joint Stipulation and [Proposed] Order to Amend Class Certification Order (CV-08-5322-EDL)

EXHIBIT A

THIRD AMENDED COMPLAINT