1  BLUM COLLINS, LLP
   Steven A. Blum (Bar No. 133208)
2  Craig M. Collins (Bar No. 151582)
   Gary Ho (Bar No. 229995)
3  707 Wilshire Boulevard, Suite 4880
   Los Angeles, California 90017
4  Telephone:  213.572.0400
   Facsimile:  213.572.0401
5  blum@blumcollins.com
   collins@blumcollins.com
6  ho@blumcollins.com

7  Attorneys for Plaintiffs
   Adam Bergman, et al.
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BERGMAN, KENDRICK PATTERSON, MICHAEL ATTIANESE, ANDREA LEVY, RAYMOND R. PLANTE and DARYL YEAKLE, each individually, and on behalf of all others similarly situated and the general public,<br><br>  Plaintiffs,<br><br>  vs.<br><br>THELEN LLP, a California limited liability partnership, and DOES 1-500,<br><br>  Defendants. | Case No.  3:08-cv-05322-LB<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT OF EMPLOYEE COMPENSATION CLASS ACTION**<br><br>Date: June 16, 2016<br>Time:  9:30 a.m.<br>Place:  Courtroom C<br><br>Honorable Laurel Beeler<br><br>Action Filed:  November 24, 2008<br>Discovery Cutoff: None Set<br>Trial Date:          None Set |

This matter comes before the Court upon Plaintiffs' Motion for Preliminary Approval of Settlement of Employee Compensation Class Action. Upon review and consideration of the motion papers and the Settlement Agreement and Release as well as the First Amendment to the Settlement Agreement and Release entered into by the parties (collectively the "Settlement") and all exhibits thereto, including the proposed form of notice to the Class, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement; (2) amending the definitions of the certified classes and subclasses; (3) approving the Parties' proposed class notice and directing that notice be disseminated to the Class pursuant to the procedure set forth in the Settlement; (4) appointing a Settlement Administrator to conduct the duties assigned to that position in the Settlement; (5) staying all non-Settlement related proceedings in the Action pending final approval of the Settlement; and (6) setting a hearing (the "Final Approval Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service award for the Named Plaintiffs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible judicial approval.

4. The Court approves the amendments to the definitions of the certified classes and subclasses as set forth in the Settlement. The amended definitions are as follows:

(A) Federal WARN Class. All persons employed at any of Defendant's facilities in New York, California, New Jersey, Washington, D.C., or Connecticut that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Defendant ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about November 30, 2008; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Defendant on or about November 30, 2008. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

(B) California WARN Class. All employees who worked at one of Defendant's covered establishments (as that term is defined in California Labor Code section 1400) in California and who were involuntarily terminated without cause on their part pursuant to a mass layoff, relocation, or termination (as those terms are defined in California Labor Code Section 1400) ordered by Defendant on or about November 30, 2008. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.

(C) New York Vacation Subclass. All former employees of Defendant in the State of New York whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time

of their termination for which Defendant did not fully compensate such employees.

(D)   California Vacation Subclass. All former employees of Defendant in the State of California whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation at the time of termination for which Defendant did not fully compensate such employees.

(E)   Connecticut Vacation Subclass.  All former employees of Defendant in the State of Connecticut whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of their termination for which Defendant did not fully compensate such employees.

(F)   District of Columbia Vacation Subclass.  All former employees of Defendant in the District of Columbia whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of termination for which Defendant did not fully compensate such employees.

(G)   New Jersey Vacation Subclass.  All former employees of Defendant in the State of New Jersey whose employment with Defendant ended on or after October 30, 2008 and who had accrued but unused vacation time at the time of termination for which Defendant did not fully compensate such employees.

5.   The Court appoints Class Action Administrators (CAA) to serve as the Settlement Administrator, and directs CAA to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

6.   The Court approves the procedure for disseminating notice to the Class set forth in the Settlement (the "Notice Procedure"). The Court approves the form and content of the proposed form of notice that was filed with the Court on or about March 21, 2016 (Docket Entry No. 86.). The Court finds that the proposed

form of notice is clear and readily understandable by Class Members. The Court finds that the Notice Procedure, including the proposed form of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

7. The "Notice Date" shall be July 16, 2016.

8. Mailed Notice. By no later than the Notice Date, the Settlement Administrator shall send the Class Notice, by First-Class U.S. Mail, proper postage prepaid, to each Class Member. For any mailed Class Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall make reasonable efforts to identify an updated address and promptly re-mail the Class Notice by August 16, 2016 at the latest.

9. Any Class Member who wishes to be excluded from the Class must mail a written request to opt-out to the Settlement Administrator at the address provided in the Class Notice, postmarked or received no later than August 30, 2016, and must include: (a) their full name, address and telephone number; (b) a statement that they want to be excluded from the settlement in this action such as "I opt out of the Thelen, LLP employee claim settlement;" and (c) their signature. The deadline for sending a written request to opt-out is September 30, 2016, for Class Members who received a "re-mailed notice" because the first mailing was returned undelivered.

10. By no later than October 7, 2016, the Settlement Administrator will send a final list of all Opt-out Statements to the Parties, including a complete, certified, and final list of Class Members who submitted timely and valid requests to exclude themselves from the Class.

11. By no later than November 7, 2016, the Trustee shall elect pursuant to Section 2.10(e) of the Settlement whether or not to terminate the Settlement Agreement if more than 5% of the total Class Members elect to opt-out of the Settlement.

12. By no later than fifteen (15) days before the date of the Final Approval Hearing, the Settlement Administrator shall file with the Court declaration(s) detailing the scope, methods, and results of the Notice Procedure, including but not limited to (a) a complete, certified, and final list of Class Members who submitted timely and valid requests to exclude themselves from the Class; and (b) copies of all timely and valid written objections and requests to appear at the Final Approval Hearing.

13. If the Settlement is finally approved and becomes effective, any Class Member who does not send a timely and valid request for exclusion shall be a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in this Class Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against Defendants relating to the claims and transactions released in this Class Action.

14. The Settlement Administrator shall promptly after receipt provide to Class Counsel and Defendants' Counsel copies of any requests for exclusion and objections, including any related correspondence.

15. The Court directs that the Final Approval Hearing be scheduled for December 8, 2016, at 9:30 a.m., to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Settlement Class Members; whether Final Judgment should be entered dismissing the Action with prejudice; whether Class Counsel's Fee Application should be approved; and whether any request for service awards for the Named Plaintiffs should be approved.

16. The Parties shall file any motions in support of final approval of the Settlement by no later than November 17, 2016. Class Counsel shall file their Fee Application and any request for Named Plaintiff service awards by no later than November 1 7, 2016. The Parties shall file any responses to any Settlement Class Member objections by no later than November 17, 2016.

17. Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

18. Pending the final determination of whether the Settlement should be approved, Named Plaintiffs and each Settlement Class Member, and any person purportedly acting on behalf of any Settlement Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, including but not limited to in the Class Action, against any of the Released Parties, provided that this injunction shall not apply to the claims of any Class Members who have timely and validly requested to be excluded from the Class. Such injunction shall remain in force until final approval or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order and this Court's authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

19. Since Thelen LLP is currently proceeding in a Chapter 7 bankruptcy filed in the United States Bankruptcy Court for the Southern District of New York styled In re Thelen LLP, Debtor, No. 09-15631(MEW), this Court hereby orders that the Bankruptcy Court shall retain jurisdiction and authority to interpret and enforce the terms and provisions of the Settlement to the extent they relate to core bankruptcy matters, including, but not limited to: (i) the classification and/or the calculation of the amount of the Settlement Fund, (ii) the amounts and/or priority

1  of the claims of the Employee Class Members, and (iii) the claims of any
2  Employee Class Members who opt-out of the settlement.
3      IT IS SO ORDERED.
4
5  Dated:                                                                                                              _____
6                                                                                   The Honorable Laurel Beeler
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28